Adolphus SAWYER, Jr., Appellant,

v.

Richard CLARK, Warden, Indiana State Prison, Appellee.

No. 46S00–9005–CR–364.

Supreme Court of Indiana.

Aug. 20, 1991.

Adolphus Sawyer, Jr., pro se.

Linley E. Pearson, Atty. Gen., Arthur Thaddeus Perry, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

In 1989, appellant was convicted of Murder in the Madison County Superior Court, Division III, The Honorable Thomas Newman, Jr., Judge. Following his incarceration in the Indiana State Prison, appellant filed a petition for a writ of *habeas corpus* in LaPorte Superior Court Two. Appellant claims the Madison Superior Court was without jurisdiction to try him because: (1) he was arrested without probable cause in Delaware County and no preliminary hearing was held; and (2) he was illegally transported to Madison County where the preliminary hearing was not held within the statutory time.

He claims the trial court had no jurisdiction over him because the preliminary hearing was conducted by a magistrate rather than the regular judge. He further claims he was not given the right to call witnesses at his preliminary hearing and that he in

effect was not represented by counsel because the court appointed a public defender to speak in his behalf.

The LaPorte Superior Court dismissed appellant's petition for *habeas corpus* without a hearing.

Appellant's claim that he should have been given a preliminary hearing in Delaware County is without merit. Indiana Code § 35–33–7–1 provides that a person arrested without a warrant is to be taken promptly before a judicial officer "(1) in the county in which the arrest is made; or (2) of any county believed to have venue over the offense committed." Thus Madison County had jurisdiction to conduct a preliminary hearing.

As to appellant's claim that he was not brought promptly before a magistrate following his arrest, he cites *Gerstein v. Pugh* (1975), 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54. However, as stated in *Gerstein*, the preliminary hearing is a judicial determination of probable cause "as a prerequisite to extended restraint of liberty following arrest." *Id.* at 114, 95 S.Ct. at 863, 43 L.Ed.2d at 65. The Court went on to hold "that illegal arrest or detention does not void a subsequent conviction." *Id.* at 119, 95 S.Ct. at 865, 43 L.Ed.2d at 68. Therefore, if we would assume for the sake of argument that the delay was unreasonable, it nevertheless does not invalidate the conviction; thus it does not afford appellant relief in a *habeas corpus* petition.

Under the Indiana statute, Ind.Code § 35–33–7–5, the judicial officer presiding at the preliminary hearing must inform the person of the nature of the charge, of his various rights, and that a plea of not guilty is being entered for him. Thus in Indiana the hearing is an advisory proceeding. This type of proceeding does not violate the constitutional rights of a person. *See Gerstein, supra.*

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, DICKSON and KRAHULIK, JJ., concur.